2:"

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGIA MILES,

            Plaintiff,

      v.

SUSANVILLE POLICE DEPARTMENT,
et al.,

            Defendant.

No.  2:25-cv-2655 DJC AC P

ORDER

By order filed January 15, 2026, this action was dismissed and judgment was entered the same day after plaintiff failed to pay the filing fee.  ECF Nos. 7, 8.  On January 16, 2026, plaintiff filed a motion requesting that the case be re-filed, which the court construes as a motion for reconsideration of the order dismissing her case. ECF No. 9.[1]

"[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the time provided by that Rule].  Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order."  Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d

---

[1]  Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  Houston v. Lack, 487 U.S. 266, 276 (1988).

1

892, 898-99 (9th Cir. 2001) (internal citations omitted).  Since plaintiff's motion for reconsideration was filed within twenty-eight days of the entry of judgment, the motion is considered under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."  L.R. 230(j)(3)-(4).

By findings and recommendations filed September 23, 2025, the magistrate judge recommended that plaintiff be required to pay the filing fee because she had accrued at least three strikes under 28 U.S.C. § 1915(g).  ECF No. 3.  Plaintiff did not file any objections, and the findings and recommendations were adopted on November 10, 2025.  ECF No. 6.  The case was later dismissed after plaintiff failed to pay the filing fee.  ECF No. 7.  Plaintiff has filed a motion for reconsideration of the order dismissing her case in which she states that she cannot pay the fees when she is in jail and did not have the money when she was out.[2]  ECF No. 9.  However, plaintiff was required to pay the filing fee because she had filed at least three actions that were dismissed because they were frivolous, malicious, or failed to state a claim and was therefore barred from proceeding in forma pauperis.  See ECF No. 3.  Nothing in the motion for reconsideration alters that determination.

////

////

---

[2]  The docket reflects that plaintiff was briefly out of custody.  ECF No. 4.

2

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 9) and motion to proceed in forma pauperis (ECF No. 10) are DENIED and this case remains closed.

IT IS SO ORDERED.

Dated:   **March 27, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3